**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**



FILED
DEC 5 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**NICHOLAS KENNY,**

    **Plaintiff,**

v.                                                       **Civil Action No. 4:11cv120**

**BANK OF AMERICA, N.A., and**

**RECONTRUST COMPANY, N.A.,**

    **Defendants.**

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss and Plaintiff's Motion to Remand. Docs. 5, 7. On June 27, 2011, Plaintiff Nicholas Kenny ("Kenny") filed suit against Defendants Bank of America, N.A. ("Bank of America") and Recontrust Company, N.A. ("Recontrust") in the Circuit Court for the City of Hampton concerning an alleged agreement to modify Kenny's mortgage pursuant to the Home Affordable Modification Program ("HAMP"). Doc. 1-1 at paras. 33–59. Kenny seeks a preliminary injunction against foreclosure, an injunction requiring specific performance, and $1,000,000 in compensatory and punitive damages. Id. at paras. 60–65.

Defendants removed the action to this Court on August 4, 2011. Doc. 1. On August 11, 2011, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 5. Kenny has not filed a response to this motion. On September 12, 2011, Kenny filed a Motion to Remand. Doc. 7. Defendants responded to this motion on September 26, 2011. Doc. 9. Kenny has filed no reply.

1

## I. FACTUAL BACKGROUND

In a motion to dismiss, the Court accepts the plaintiff's allegations as true. E.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999). Kenny alleges the following:

On February 20, 2008, Kenny took out a $430,000 mortgage from Bank of America on a certain property in the City of Hampton. Doc. 1-1 at paras. 13–14. Kenny suffered a decrease in income in June 2009, and Bank of America placed him on a Trial Payment Plan in January 2010. Id. at paras. 15, 17.

On January 18, 2011, Bank of America mailed Kenny a modification agreement. Id. at para. 18. Kenny then informed Bank of America that he had lost another source of income and requested another modification. Id. at para. 19. Bank of America did not respond to this request, so Kenny signed and mailed the modification agreement. Id. at para. 20. After Kenny mailed the modification agreement, Bank of America instructed Kenny to submit a new modification package, which he did on March 15, 2011. Id. at para. 21–22.

In April 2011, Bank of America instructed Kenny to stop making trial payments. Id. at para. 17. Kenny tried on several occasions to contact Bank of America regarding his loan. Id. at paras. 23–27. On June 17, 2011, Bank of America advised Kenny that his loan had been removed from modification on June 13, 2011, because it had already been modified. Id. at para. 28. On June 20, 2011, Kenny received a package from Bank of America that included a request that he submit paperwork for the modification by June 19, 2011. Id. at para. 29. Kenny faxed the information requested. Id. at para. 30. As of the filing of the Complaint, foreclosure was scheduled for June 29, 2011. Id. at para. 31.

## II. MOTION TO REMAND

Kenny has filed a Motion to Remand. Doc. 7. Because this motion challenges the Court's jurisdiction, it must be decided before addressing Defendants' Motion to Dismiss. In their notice of removal, Defendants assert that the Court has both federal question jurisdiction and diversity jurisdiction over this case. Doc. 1 at para. 25.

### A. FEDERAL QUESTION JURISDICTION

Federal question jurisdiction is present in "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Francis Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). On its face, the Complaint asserts only state-law causes of action. Doc. 1-1. However, Defendants argue that the "substance" of these state-law claims is a claim for enforcement of HAMP, a federal law, and that this Court must interpret HAMP in deciding this case. Doc. 1 at para. 22–23.

This argument is unpersuasive. First, courts have consistently held that HAMP does not provide a private cause of action. E.g., Mosley v. Wells Fargo Bank, N.A., No. 2:11cv268, 2011 WL 3439243, at *3 (E.D. Va. August 5, 2011). Second, although Kenny's claims "reference[] HAMP guidelines and procedures," this is insufficient to invoke federal question jurisdiction. Id. at *4; see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (holding that a state-law claim raises federal question jurisdiction only if that claim "necessarily raise[s] a stated federal issue" that is actually disputed and substantial).

Federal question jurisdiction is not present in this case, because while Kenny's claims may lead to a dispute regarding the interpretation of HAMP, they do not *necessarily* do so.

### B. DIVERSITY JURISDICTION

Defendants also argue that removal is proper due to diversity jurisdiction. Doc. 1 at preface. Diversity jurisdiction has two requirements: First, the parties must be completely diverse, that is, no defendant can be a citizen of the same state as any plaintiff. E.g., Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005). Second, the amount in controversy must exceed $75,000. E.g., id. Kenny requests well over $75,000 in damages. Doc. 1-1 at prayer for relief. Therefore the amount in controversy requirement is met. Whether the parties are diverse is a closer question.

It is undisputed that Kenny is a citizen of Virginia. Doc. 1 at para. 11; see Doc. 1-1 at paras. 13, 44 (characterizing the property in Hampton as Kenny's "home"). It is also undisputed that Bank of America is a national bank that has its main office in North Carolina. Doc. 1 at para. 12. This makes it a citizen of North Carolina only. Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006).

Defendants appear to admit that Recontrust is a citizen of Virginia, and therefore not diverse from Kenny. See Doc. 1 at para. 13 (implying that Recontrust's inclusion in this case, if proper, would "destroy the Court's diversity jurisdiction"). Defendants argue, however, that Recontrust "is fraudulently joined in an attempt to destroy the Court's diversity jurisdiction." Id. The requirement of complete diversity does not take into account the citizenship of parties that are fraudulently joined. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Thus, diversity jurisdiction exists if Recontrust is fraudulently joined.

### C. FRAUDULENT JOINDER

"Fraudulent joinder" requires neither fraud by the plaintiff nor joinder. Id. at 461 n. 8. Instead, "the removing party must establish either: [t]hat there is *no possibility* that the plaintiff

4

would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Id. at 464 (alterations in Mayes) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Here, Defendants have not alleged any fraud by Kenny. They do, however, argue that Kenny "has not stated a cause of action" against Recontrust. Doc. 1 at 16.

The standard for determining whether Recontrust was fraudulently joined "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Rule] 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). The Court must not merely accept as true all well-pleaded facts, but must also resolve "all legal uncertainties . . . in the plaintiff's favor." Id. at 425. If there is even a "slight possibility" that Kenny might succeed in either of his claims against Recontrust, then the case must be remanded. Id. at 426.

### D. CLAIMS AGAINST RECONTRUST

Kenny alleges in the heading of Count V that Recontrust "is negligently following through with an improper foreclosure on the property in question." Doc. 1-1 at heading V. However, Kenny's allegations made in Count V advance a claim of promissory estoppel against Bank of America, and do not mention Recontrust or the elements of negligence. Id. at paras. 54–57.[1] Therefore, Recontrust is fraudulently joined as to Count V.

Kenny asserts in Count VI that Recontrust breached his contract with Bank of America. Doc. 1-1 at paras. 58–59. Kenny alleges that Recontrust is the "appointed agent" for Bank of America, and should be bound by Bank of America's alleged contract to modify his loan. Id. at para. 58. Kenny further alleges that Recontrust breached this contract by foreclosing without having received certification from Bank of America that foreclosure was proper. Id. at para 59.

---

[1] The Court notes that even if these claims were against Recontrust, a cause of action for promissory estoppel does not exist in the Commonwealth of Virginia. Mongold v. Woods, 677 S.E.2d 288, 292 (Va. 2009).

Under Virginia law, an agent may be liable for negligent performance on the principal's contract. Miller v. Quarles, 410 S.E.2d 639, 642 (Va. 1991). However, Kenny does not allege that Recontrust's foreclosure was done in performance of Bank of America's alleged contract to modify Kenny's loan, or even that Recontrust was aware this contract.

Another basis for holding an agent liable under a principal's contract exists when the agent executed the contract on behalf of an undisclosed or nonexistent principal. Catlett v. Hawthorne, 161 S.E. 47, 48 (Va. 1931). Here, Kenny has not alleged that Recontrust played any role in the formation of the alleged contract.

No legal basis exists for Kenny to claim that Recontrust breached an alleged contract with Bank of America. Therefore, Kenny has brought no valid allegations against Recontrust.

### E. WHETHER RECONTRUST IS NECESSARY FOR RELIEF

Despite asserting no valid claim against Recontrust, Kenny argues that Recontrust is properly joined because "[i]f Recontrust . . . were not a party to the suit, there would be nothing to prevent [it] from executing a foreclosure of [Kenny's] home." Doc 8 at 4. This argument is rejected.

In Sherman v. Litton Loan Servicing, L.P., this Court examined numerous cases where the joinder of substitute trustees was alleged to be fraudulent. No. 2:10cv567, 2011 WL 2634097, at *5–6 (E.D. Va. July 5, 2011). This Court concluded that in a case in which the plaintiff has not raised a claim against the substitute trustee, the mere possibility that the substitute trustee might foreclose in the future does not prevent the joinder of the substitute trustee from being fraudulent. See id.

Instead, the substitute trustee is necessary for relief only if the foreclosure sale has already occurred, and "the specific relief requested by a plaintiff cannot be granted without

depriving the substitute trustee of legal title to the property at issue." Id at *6. Here, Kenny has not alleged that Recontrust has already foreclosed on the property. Therefore, Recontrust is not necessary for Kenny to obtain relief.

### F. CONCLUSION

Kenny has raised no claim against Recontrust that gives rise to a possibility of recovery. Nor is Recontrust necessary to grant Kenny the relief he requests. Accordingly, Recontrust must be construed as fraudulently joined. Therefore, the Court possesses diversity jurisdiction over this case, and Kenny's Motion to Remand (Doc. 7) is **DENIED**. Additionally, for the reasons already provided, Kenny's claims against Recontrust are **DISIMISSED WITH PREJUDICE.**

### III. MOTION TO DISMISS

The Court now turns to the Motion to Dismiss (Doc. 5) filed by Bank of America. Kenny has failed to respond to this motion. The Local Rules of this Court require that when a motion is filed "the opposing party *shall* file a responsive brief . . . , within eleven (11) days after service." L.R. 7(F)(1) (emphasis added). Kenny is ordered to submit a brief of no more than thirty (30) pages showing cause why the Court should not grant Defendants' Motion to Dismiss due to Kenny's failure to comply with Local Rule 7(F)(1) and responding to Defendants' Motion to Dismiss.

The Court notes that Kenny titled his Breach of Contract claim as alleging that Bank of America breached its loan modification agreement with Kenny. The text of this count addresses a breach of an alleged agreement to review Kenny's application for modification. Doc. 1-1 at paras. 34–42. Accordingly, in his show cause brief, Kenny is ordered to specify the terms of the contract allegedly breached by Bank of America. See Adiscov, LLC v. Autonomy Corp., 762 F. Supp. 2d 826, 832 n. 5 (E.D. Va. 2011) (noting that "a court may *sua sponte* request a more

definite statement" under Federal Rule of Civil Procedure 12(e)). Additionally, Kenny is ordered to provide a copy of that contract or explain why a copy is unavailable. See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (discussing the possible relevance of documents to a motion to dismiss).

## IV. CONCLUSION

For the foregoing reasons, Kenny's Motion to Remand (Doc. 7) is **DENIED**, and Kenny's claims against Recontrust are **DISMISSED WITH PREJUDICE**.

Kenny is **ORDERED** to file a brief with this Court no later than seven (7) days from the date of this Order **SHOWING CAUSE** why Defendants' Motion to Dismiss should not be granted as unopposed due to Kenny's failure to comply with Local Rule 7(F)(1). This brief shall be no more than thirty (30) pages, and shall include the following:

- An explanation showing cause for Kenny's failure to comply with Local Rule 7(F)(1);
- Kenny's response to Defendants' Motion to Dismiss (Doc. 5);
- A clarification as to which contract Kenny claims that the Defendants breached; and
- A copy of that contract as an attachment to the brief, or a statement as to why a copy of the contract is unavailable.

**IT IS SO ORDERED.**

/s/ Arenda L. Wright Allen
*ARENDA L. WRIGHT ALLEN*
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 5, 2011

8